16 F.3d 1225
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Darrell B. McNARY, Petitioner-Appellant,
v.
Robert FARLEY and Indiana Attorney General, Respondents-Appellees.
 No. 92-2874.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 16, 1994.*
Decided Feb. 28, 1994.
Rehearing En Banc Denied April 4, 1994.
 
 Before CUMMINGS, KANNE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Darrell McNary is serving a 35-year sentence in Indiana for attempted robbery. After exhausting his state remedies, he filed a petition for a writ of habeas corpus under 28 U.S.C. Sec. 2254 seeking to have his conviction reversed. McNary claims that his rights were violated because the police did not have probable cause to arrest him, he was subjected to an impermissibly suggestive pre-trial identification procedure, and the prosecution improperly relied on his post-arrest silence to establish his guilt. Because McNary failed to raise these claims on direct appeal from his conviction, the district court found that he had procedurally defaulted and dismissed the petition. We affirm.
 
 
 2
 In reviewing McNary's post-conviction petition, the Indiana Court of Appeals relied on the state doctrine of waiver to deny relief and, therefore, we may not review his claims either unless McNary shows cause for and prejudice from his procedural default. Coleman v. Thompson, 111 S.Ct. 2546, 2565 (1991); Wainwright v. Sykes, 433 U.S. 72, 87 (1977). McNary raises as cause his counsel's ineffectiveness in failing to advance his claims on appeal. Coleman, 111 S.Ct. at 2567 (cause exists where there has been ineffective assistance of counsel). To establish ineffective assistance of counsel, McNary must show that counsel's performance was deficient and that the deficiency prejudiced the defense. Strickland v. Washington, 466 U.S. 668 (1984); See also Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993). McNary has failed to make such a showing.
 
 
 3
 McNary's first claim, that counsel was ineffective in failing to assert that the police did not have probable cause to arrest him, is without merit. Probable cause is established when, based on reasonably trustworthy information, the facts and circumstances are sufficient to warrant a prudent person's belief that the accused committed the crime. Maxwell v. City of Indianapolis, 998 F.2d 431, 433 (7th Cir.1993) (citing United States v. Goudy, 792 F.2d 664, 668 (7th Cir.1986)). The facts relied on to establish probable cause in this case included a call to the police that a robbery was in progress, the victim's statements that he had been robbed, the officers' discovery of an open window on the second floor from which a single set of footprints could be followed to McNary's residence, McNary's mother's statement that McNary had recently come in from the outdoors, and the fact that the bottom of McNary's pants were wet when the police encountered him. These facts would lead a prudent person to believe that McNary committed the robbery. Thus, McNary's counsel was not deficient in failing to raise this claim on appeal.
 
 
 4
 McNary's second claim, that counsel was ineffective in failing to challenge the in-court identification testimony on the ground that the pre-trial identification procedure was impermissibly suggestive, also fails. A defendant has a due process right not to be identified prior to trial in a manner that is "unnecessarily suggestive and conducive to irreparable mistaken identification." Stovall v. Denno, 388 U.S. 293, 301-02 (1967). Even where a pre-trial identification procedure, such as a one-on-one confrontation, is impermissibly suggestive, an in-court identification will nevertheless be permitted if under the totality of the circumstances the identification was reliable. Neil v. Biggers, 409 U.S. 188, 199 (1972). Factors a court may consider in determining whether an identification was reliable are: "(1) the opportunity of the witness to view the criminal at the time of the crime, (2) the witness' degree of attention, (3) the accuracy of the witness' prior description of the criminal, (4) the level of certainty demonstrated by the witness at the time of confrontation, and (5) the length of time between the crime and the confrontation." Kubat v. Thieret, 867 F.2d 351, 358 (7th Cir.), cert. denied, 493 U.S. 874 (1989) (citing Biggers, 409 U.S. at 199-200).
 
 
 5
 On direct appeal, McNary raised a sufficiency of the evidence claim, challenging the identification testimony of the victim, Niedbala, as incredible and unreliable. McNary v. State, 460 N.E.2d 145, 148 (Ind.Ct.App.1984). The Indiana Court of Appeals found, and we agree, that the identification was reliable. Id. Niedbala had ample opportunity to observe McNary prior to and during the robbery. Niedbala testified that he observed McNary jump onto his back porch. Niedbala tried to leave through the back door and McNary pushed him back in and hit him with a sawed off shotgun. Twice during the preceding summer, McNary had approached Niedbala asking for food or money. For that reason he recognized McNary's face and the way he talked--McNary stutters when he speaks--during the attack.[1] Only fifteen to twenty minutes after the incident took place, Niedbala identified McNary from about 25 feet away. Although there were some discrepancies in Niedbala's testimony concerning his description of his assailant's clothing and facial features, they do not render the identification unreliable. Because we find that Niedbala's identification of McNary was reliable, counsel was not ineffective in failing to challenge the suggestiveness of the pre-trial identification.
 
 
 6
 Although there is merit to McNary's claim that his counsel should have objected to government testimony concerning his post-arrest silence, he has not established that his counsel's failure to do so prejudiced his defense. At trial, one of the arresting officers testified that McNary's mother answered the door and told them her son had recently come in from shoveling snow. Immediately upon encountering him, McNary was informed of his Miranda rights. The officer testified that he asked McNary where he had been shoveling snow and McNary did not respond. This comment on McNary's post-Miranda silence violated his Fifth Amendment privilege against self-incrimination. See Doyle v. Ohio, 426 U.S. 610 (1976). "[I]t is fundamentally unfair to promise an arrested person that his silence will not be used against him and thereafter to breach that promise by using the silence to impeach his trial testimony." Wainwright v. Greenfield, 474 U.S. 284, 292 (1985). Both the district court and the Indiana Court of Appeals distinguished Doyle and found no constitutional error.[2] Contrary to their assertions, however, the use of post-arrest silence as affirmative proof in the prosecution's case in chief is an even more egregious violation of the defendant's Fifth Amendment rights than its use to impeach the defendant's testimony. Wainwright, 474 U.S. at 292 & n. 2.
 
 
 7
 Nevertheless, McNary has not established that his counsel's failure to raise this issue on appeal was prejudicial. To show prejudice, a defendant must show that counsel's performance deprived him of a fair trial--one whose result is reliable. Lockhart v. Fretwell, 113 S.Ct. at 842 (citing Strickland, 466 U.S. at 687). Although the prosecution offered testimony in violation of McNary's Fifth Amendment right, it did not rely on that testimony to establish McNary's guilt. Apart from that testimony, there was sufficient evidence to support the conviction. The victim identified McNary as the perpetrator of the crime, a police expert matched McNary's shoe prints with those leading to the victim's residence, and the evidence established that McNary had recently been outside. Thus, because McNary's conviction did not turn on his failure to explain where he allegedly had been shoveling snow, he was not prejudiced by his counsel's failure to object to that testimony.
 
 
 8
 For the foregoing reasons, we hold that the district court properly concluded that McNary failed to show cause for and prejudice from his procedural default.[3]
 
 
 9
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). McNary has filed such a statement. After considering that statement, we deny the request for oral argument and decide the appeal on the briefs and record
 
 
 [1]
 McNary claims that Niedbala admitted that his attacker wore a mask. However, that was not the case. Niedbala testified that McNary wore a cap with a brim
 
 
 [2]
 The Indiana Court of Appeals' decision as adopted by the district court stated:
 The record does not indicate an attempt by the State to impeach McNary's testimony by the use of his post arrest silence, as in Doyle. The challenged testimony was elicited from Officer Hostetler during the State's case in chief as the officer related his investigative efforts leading up to McNary's arrest. Counsel was not ineffective, under these circumstances, in failing to lodge an objection citing Doyle.
 
 
 [3]
 Ordinarily, when a district court concludes that a petitioner's claims are barred by the doctrine of procedural default the petition is dismissed with prejudice. Here the district court dismissed McNary's petition without prejudice. However, we do not have jurisdiction to correct the dismissal because the respondents did not appeal the judgment